ROBERTS, Justice.
This is an appeal by plaintiff from a summary judgment in favor of defendant entered by the lower court in a suit filed by plaintiff to recover on an accident insurance policy issued to him by defendant.
The policy in question was a non-cancellable, guaranteed renewable, weekly premium policy, renewable from week to week upon the payment in advance of a weekly premium of ten cents. It contained no provision for a “grace period” and stated that “The payment of a premium or installment thereof shall not maintain this policy in force beyond the date when the next premium or installment of premium is payable.” It also provided that “If default be made in the payment of the agreed premium for this policy, the subsequent acceptance of premium by the company or by any of its duly authorized agents shall-reinstate the. policy, but only to cover loss resulting from, accidental injury thereafter sustained.”
The policy showed October 11, 1954 as its date of issuance. The defendant’s agent collected two weeks’ premiums in advance on October 4, 1954; and on October 11 he again collected for two weeks in advance. It is conceded for the purpose of this appeal that plaintiff had paid premiums for the period October 11 to November 8. The plaintiff was injured on November 20, 1954; and on November 22, the defendant’s agent accepted five premium payments covering the period November 8 to December 6, without knowledge ,of plaintiff’s injury. On December 6 he collected four premium payments in advance. The defendant’s “Premium Receipt Card” on which premium payments were noted contained the following admonishment: “To the Policy Holder: Your Agent is a busy man. Please have this card at hand so as not to delay him. Do not ask him to call back because by doing so he will probably have to neglect someone else. Thank you.”
The foregoing are the admitted facts. The law is that, under Section 642.10, Fla. Stat. 1955, F.S.A., the insurance policy here involved “shall be construed as though the terms and provisions thereof were in conformity with those required by this chapter, any provision in such contract to the contrary notwithstanding.” And the defendant concedes the applicability to the instant policy of the “grace period” clause set forth in Section 642.031(4)(c), as follows:
“Grace Period: A grace period of . (insert a number not less than 7’ for weekly premium policies * * *) days will be granted for the payment of each premium falling due after the first premium, during which grace period the policy shall continue in force.”
Upon the motion of the defendant the trial judge entered'a summary judgment in its favor on the ground that the policy had lapsed for non-payment of premiums at the time of injury; and the only question argued here is whether the trial judge erred in withdrawing from the jury the question of what “grace period” should have been applied to the weekly premium payments under the policy in question and ruling, as a matter of law, that the grace period had expired before the plaintiff was injured.
It will have been noted that the Legislature merely required that weekly premium policies include a provision for a grace period of “not less than” seven days, leaving it to the parties to agree upon the exact grace period. And there is nothing in the *627 statute to indicate that the Legislature intended that, in the absence of such an agreement, the grace period should be the minimum specified in the statute. It goes without saying that the lack of an agreement on this point is directly attributable to the failure of the insurance company to incorporate such a provision in its policy, and thus it is in no position to insist that any ambiguity be resolved in its favor. In these circumstances, we think the only reasonable solution to the problem is to engraft on the policy the “grace period” clause in the language of the statute, that is, as providing for a grace period of “not less than seven days,” and to interpret the contract as a mixed question of law and fact, based upon the acts of the parties thereunder.
Here, reasonable men could differ as to the exact grace period which, in all the cir-mumstances here, should be deemed to be applicable to the policy. It was, therefore, under well-established principles of law, error to enter a summary judgment in favor of the defendant.
Accordingly, the judgment appealed from should be and it is hereby reversed and the cause remanded for further proceedings not inconsistent herewith.
Reversed and remanded for further proceedings.
TERRELL, C. J., and THORNAL and O’CONNELL, JJ., concur.
THOMAS, HOBSON and DREW, JJ., dissent.